UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

TRACY L. WINK,

        Plaintiff,

    v.                            **COMPLAINT**
                                     Case Number: 14-367

MILLER COMPRESSING COMPANY,

        Defendant.

---

Plaintiff, Tracy L. Wink, through her attorneys, Alan C. Olson & Associates, s.c., by Alan C. Olson, alleges in this Complaint as follows:

### NATURE OF THE CASE

1.     Plaintiff, Tracy L. Wink, alleges that Defendant, Miller Compressing Company ("Miller"), violated the Family and Medical Leave Act of 1993, ("FMLA") [29 U.S.C. § 2601, *et. seq.*] by interfering with her right to take FMLA leave and terminating her employment because of FMLA-protected absences due to her son's serious medical condition. Ms. Wink raises supplemental claims for breach of contract and non-payment of wages.

### JURISDICTION AND VENUE

2.     Jurisdiction over Ms. Wink's claims under the Family and Medical Leave Act of 1993, [29 U.S.C. § 2601, *et. seq.*] is conferred on this Court by 29 U.S.C. §2617(a)(2).

3.     The Eastern District of Wisconsin is the proper federal venue for this action pursuant to 28 U.S.C. §1391, because Miller resides in the Eastern

District and its unlawful actions occurred in the Eastern District.

4.      Supplemental jurisdiction over Ms. Wink's claims pursuant to Chapter 109 of the Wisconsin Statutes for non-payment of wages, or alternatively for breach of contract, is conferred on this court by 28 U.S.C. § 1367.

### CONDITIONS PRECEDENT

5.      All conditions precedent to this action within the meaning of Rule 9(c), Fed.R.Civ.Pro., have been performed or have otherwise occurred.

### JURY DEMAND

6.      Ms. Wink demands that her case be tried to a jury of her peers.

### PARTIES

7.      Plaintiff, Ms. Wink, is an adult who resides at 8514 W. Hayes Ave., West Allis, WI 53227.

8.      Defendant, Miller, is a privately held company that is incorporated under the laws of the State of Wisconsin, with its principal offices located at 1640 W. Bruce St., Milwaukee, WI 53204.

### OPERATIVE FACTS

9.      In or around November 1999, Ms. Wink commenced employment with Miller in the capacity of order processing, sales, and brokerage.

10.     Ms. Wink worked more than 1,250 hours during the relevant time period.

11.     Miller employed more than 50 employees during the relevant time period.

12.     As of October 13, 2011, Ms. Wink became a teleworker for Miller whereby Ms. Wink performed some of her work from home.

13.　　On or about December 7, 2011, Miller offered and Ms. Wink accepted an Agreement With Respect To Inventions, Confidentiality, Competition And Term Of Employment ("Agreement"), a true and correct copy of which is annexed hereto as Exhibit A, and the Agreement was supported by consideration.

14.　　The Agreement provided in pertinent part that Ms. Wink would receive from Miller either three weeks advance notice of termination without cause, or three weeks of severance pay in lieu of such notice.

15.　　In or around February 2012, Ms. Wink's son was diagnosed with autism.

16.　　From February 9, 2012 to July 13, 2012, Miller granted intermittent FMLA leave to Ms. Wink because of her son's autism.

17.　　On or about July 13, 2012, Miller informed Ms. Wink that her start time would be changed from 7:00 a.m. to 8:00 a.m., her end time changed from 3:00 p.m. to 4:00 p.m., and that she would have to work in the office Monday through Friday without making up hours on the weekends.

18.　　On or about July 13, 2012, Miller also informed Ms. Wink that she could only use FMLA leave for her son's appointments and therapy.

19.　　On or about July 13, 2012, Miller revoked Ms. Wink's cell phone privileges, so she was unable to receive messages regarding her son's healthcare appointments.

20.　　On or about July 13, 2012, Miller told Ms. Wink that a co-worker could not be used as a back-up for her, that she could not ask her supervisor for advice, and that she could not discuss her son with her co-workers.

21.     On or about July 13, 2012, Ms. Wink responded to Miller that she could not work under the stipulated conditions because of her son's serious health condition and asserted that she was protected under the FMLA.

22.     On or about July 13, 2012, Miller repeatedly asserted that if Ms. Wink did not comply with the stipulated conditions, she would be considered to have voluntarily terminated her employment.

23.     In response, Ms. Wink repeatedly asserted on or about July 13, 2012 that she was not voluntarily terminating her employment with Miller.

24.     On or about July 13, 2012, Miller told Ms. Wink that "all children need daycare" and that, "a doctor will write anything in an FMLA certification just to get it approved."

25.     On or about July 13, 2012, Ms. Wink indicated to Miller that she could not send her son to daycare because he had just started taking medication.

26.     On or about July 13, 2012, Miller called Ms. Wink and informed her that Miller was offering her severance pay in the amount of three weeks pay in exchange for her release of all legal claims against Miller.

27.     On or about July 16, 2012, Ms. Wink returned to Miller to attend a preplanned meeting.

28.     At the July 16, 2012 meeting, Ms. Wink declined to accept the severance agreement that provided nothing more than what Miller already had a duty to provide Ms. Wink pursuant to the Agreement, albeit without a release of Ms. Wink's legal claims.

29.     Following the July 16, 2012 meeting, Miller terminated Ms.

Wink's employment.

30.    Ms. Miller performed her job to the reasonable expectations of

Miller.

31.    Ms. Wink was eligible for the FMLA's protections.

32.    Miller was covered by the FMLA.

33.    Ms. Wink was entitled to leave under the FMLA.

34.    Ms. Wink provided sufficient notice of her intent to take leave.

35.    Miller denied Ms. Wink FMLA benefits to which she was entitled.

36.    Miller took materially adverse actions against Ms. Wink by

terminating her employment and benefits because she exercised her rights

protected under the FMLA.

### FIRST CLAIM FOR RELIEF
### FMLA INTERFERENCE §2615(a)(1)

37.    As and for a first claim for relief, Ms. Wink re-asserts the

allegations recited above and fully incorporates those paragraphs herein by

reference.

38.    Miller deprived Ms. Wink of FMLA entitlement in violation of 29

U.S.C. § 2615(a)(1) on the basis that she was eligible for the FMLA's protections,

Miller was covered by the FMLA, Ms. Wink was entitled to leave under the

FMLA, she provided sufficient notice of her intent to take FMLA-qualifying

leave, and Miller denied her FMLA benefits to which she was entitled.

39.    The allegations more particularly described above regarding the

intentional discriminatory practices of Miller, were not made with good faith or

reasonable grounds for believing that the conduct did not violate the Family

- 5 -

Medical Leave Act of 1993, [29 U.S.C. § 2601, *et. seq.*]

40.     The allegations more particularly described above caused Ms. Wink wage loss, benefits loss, and expenses, all to her damage.

### SECOND CLAIM FOR RELIEF
### FMLA RETALIATION §2615(a)(2)

41.     As and for a second claim for relief, Ms. Wink re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

42.     Miller violated 29 U.S.C. § 2615(a)(2) by taking the materially adverse action of terminating Ms. Wink's benefits and employment on account of her activity protected by the FMLA.

43.     The allegations more particularly described above regarding the intentional discriminatory practices of Miller, were not made with good faith or reasonable grounds for believing that the conduct did not violate the Family Medical Leave Act of 1993, [29 U.S.C. § 2601, *et. seq.*].

44.     The allegations more particularly described above caused Ms. Wink wage loss, benefits loss, and expenses, all to her damage.

### THIRD CLAIM FOR RELIEF
### NON-PAYMENT OF WAGES §109.03

45.     As and for a third claim for relief, Ms. Wink re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

46.     Miller violated §§ 109.03; and 109.11, <u>Wis. Stats.</u> by failing to pay Ms. Wink's earned severance pay.

47.     The allegations more particularly described above caused Ms. Wink wage loss.

**FOURTH CLAIM FOR RELIEF**
**BREACH OF CONTRACT**

48.     As and for a fourth claim for relief, in the alternative to her third claim for relief, Ms. Wink re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

49.     Miller breached Ms. Wink's Agreement by failing to pay Ms. Wink's contractual wages.

50.     The allegations more particularly described above caused Ms. Wink a loss of contractual wages.

WHEREFORE plaintiff demands relief as follows:

 a.  damages equal to the amount of wages, employment benefits, and other compensation denied or lost by reason of the FMLA violation pursuant to 29 U.S.C. § 2617;

 b.  the interest on said damages calculated at the prevailing rate pursuant to 29 U.S.C. § 2617;

 c.  equitable relief as may be appropriate, including employment, reinstatement, and promotion pursuant to 29 U.S.C. § 2617;

 d.  a reasonable attorney's fee pursuant to 29 U.S.C. § 2617;

 e.  reasonable expert witness fees pursuant to 29 U.S.C. § 2617;

 f.  costs of the action pursuant to 29 U.S.C. § 2617;

 g.  an additional amount as liquidated damages equal to the sum of damages and interest pursuant to 29 U.S.C. § 2617;

h.  damages for unpaid wages pursuant to §§109.03; and, 109.11, <u>Wis.</u> <u>Stats.</u>;

i.  costs, disbursements, and attorney fees reasonably incurred in prosecuting plaintiff's wage claim pursuant to §§109.03; and, 109.11, <u>Wis.</u> <u>Stats.</u>;

j.  increased wages pursuant to §§109.11, <u>Wis.</u> <u>Stats.</u>;

k.  a lien upon all property of the defendant's, real or personal, located in Wisconsin for the full amount of the plaintiff's wage claim pursuant to §109.09, <u>Wis.</u> <u>Stats.</u>;

l.  unpaid wages and consequential damages, as a result the defendant's breach of contract; and

m.  such other relief as the court deems just and equitable.

Dated this <u>1st</u> day of April, 2014.

<u>s/ Alan C. Olson</u>
Alan C. Olson, SBN: 1008953
Attorney for Plaintiff
Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
New Berlin, WI  53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: <u>AOlson@Employee-Advocates.com</u>