UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

TRACY L. WINK,

    Plaintiff,

v.                              Case Number: 14-367

MILLER COMPRESSING COMPANY,

    Defendant.

---

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR
EXTENSION TO ANSWER OR OTHERWISE PLEAD

---

    The Plaintiff, Tracy L. Wink, through her attorneys, Alan C. Olson & Associates, S.C., by Alan C. Olson, opposes the Motion of Defendant, Miller Compressing Company ("Miller"), for an extension to answer or otherwise plead, as follows:

**FACTS**

    Miller's Director of Human Resources, Sarah Barbian, was served with the Summons and Complaint on April 1, 2014 at 12:50 p.m. (Dct. 6, ¶2; Olson Aff., Ext A). Miller's Answer or other responsive pleading was due April 22, 2014. *Id.* Miller has not filed an Answer or other responsive pleading. (Olson Aff.).

    On May 2, 2014, the Defendant filed a Motion to extend its time to answer until May 27, 2014, pursuant to Rule 6(b)(1)(A). (Dct. 6, ¶4). The only basis stated for Defendant's Motion is that, "[t]his is the first request for an extension of time and is not interposed for the purpose of delay and will not prejudice Plaintiff." (Dct. 6, ¶5).

# ARGUMENT

**Miller's motion must be denied under excusable neglect standard.**

A Rule 6 motion made after the time has expired may be granted only if "the party failed to act because of excusable neglect." Fed.R.Civ.P. 6(b)(1)(A)–(B). The Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), listed the factors a district court should consider when evaluating a claim of excusable neglect, which include the reason for the delay. Miller's counsel utterly fails to provide a valid reason for her delay. The court would be well within its discretion to deny Miller's motion because defense counsel identifies no excusable neglect, or any reason whatsoever, for the default. *Murphy v. Eddie Murphy Productions, Inc.*, 611 F.3d 322, 324 (7th Cir. 2010).

Miller's counsel states that she has "worked diligently" to provide an answer to the Complaint. (Dct. 6, ¶3). But, "it is widely accepted that neglect due to a busy schedule is not excusable." *Harrington v. City of Chicago*, 433 F.3d 542, 548 (7th Cir. 2006). Moreover, Miller's counsel does not explain why she was unable to work on the Answer from April 1, 2014, when Miller's HR Director was served, and from now until May 27, 2014— almost two months after service of process. *See*, *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 883 (7th Cir. 2012) (Defense counsel did not specifically explain why pleading could not be timely filed).

## CONCLUSION

Miller has failed to identify any excusable neglect for its failure to answer the Summons and Complaint. In the absence of an affidavit containing an explanation or valid excuse for defense counsel's failure to answer the Summons and Complaint, or any legal basis for its request, Miller's motion must be DENIED.

Dated this <u>6th</u> day of May, 2014.

<u>s/ Alan C. Olson</u>
Alan C. Olson, Bar Number: 1008953
Attorney for Plaintiff
Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
New Berlin, WI 53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: AOlson@Employee-Advocates.com
