IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

TRACY L. WINK,                              )
                                            )
                    Plaintiff,              )
        v.                                  )        Case no. 14-cv-00367
                                            )
MILLER COMPRESSING COMPANY,                 )
                                            )
                    Defendant.              )

## REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME
## TO ANSWER OR OTHERWISE PLEAD

For reasons completely unclear to Defendant, Miller Compressing Company (collectively

"Defendant"), Plaintiff Tracy L. Wink ("Plaintiff") refused to agree to Defendant's first request

for additional time to file its responsive pleading when Defendant's counsel informally requested

it, a common courtesy bestowed by attorneys on their adversaries. Now Plaintiff has even gone

so far as to file a response in opposition to Defendant's Motion for Extension of Time to Answer

or Otherwise Plead (the "Motion"). (Doc. 10).

Defendant's Motion (Doc. 6) was filed within days of defense counsel being retained by

Defendant, simply because she needed additional time to review the file. The Motion was the

first request for an extension of time and was not interposed for the purpose of delay and will not

prejudice Plaintiff, a fact Plaintiff apparently does not challenge. Nowhere in Plaintiff's

Response does she articulate how she would be prejudiced by Defendant's request for additional

time or how the minimal extension will negatively impact the proceedings. *Dental Health*

*Products, Inc. v. Ringo*, 08 C 1039, 2010 WL 2219421, * (E.D. Wis. May 28, 2010).

Defendant acted in good faith by seeking Plaintiff's agreement to the extension in the

first place – something Defendant would have granted to Plaintiff and will in the future when

(not if) she requests it.

WHEREFORE, Miller Compressing Company hereby requests the entry of an order:

i.      Granting this motion in its entirety;

ii.     Extending the date by which Defendant to answer or otherwise plead in response to Plaintiff's Complaint to May 27, 2014; and,

iii.    Granting such other and further relief as this Court deems just and proper.

Dated: May 13, 2014

Respectfully submitted,


_s/ Susan Lorenc_____
One of their Attorneys

Susan Lorenc (WI 1041837)
Thompson Coburn LLP
55 E. Monroe, 37th Floor
Chicago, Illinois 60603
Telephone: (312) 346-7500
Fax: (312) 782-6894

Attorney for Defendant

2010 WL 2219421
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
E.D. Wisconsin.

DENTAL HEALTH PRODUCTS, INC., Plaintiff,
v.
Frank RINGO, et al., Defendants.

No. 08–C–1039. | May 28, 2010.

**Attorneys and Law Firms**

Kathy L. Nusslock, Heather K. Gatewood, Tara M. Mathison, Davis & Kuelthau SC, Milwaukee, WI, for Plaintiff.

Amy M. Rapoport, Howard J. Fishman, John M. Riccione, William J. Serritella, Jr, Aronberg Goldgehn Davis & Garmisa, Marc W. O'Brien, Bronson & Kahn LLC, Chicago, IL, for Defendants.

**Opinion**

**ORDER**

WILLIAM C. GRIESBACH, District Judge.

**\*1** Plaintiff has filed a motion to strike the answer of Defendant Frank Ringo on the grounds that the answer was filed three days late and part of a lengthy pattern of delay. This case was filed on December 5, 2008, and Plaintiff argues we are still in the pleadings phase due to Ringo's repeated requests for extensions of time and his filing of two unsuccessful dispositive motions (one of which I described as frivolous). After this Court denied Ringo's second dispositive motion, on January 5, 2010, Ringo's answer was due on January 19. On that date, Ringo's counsel attempted to work out an extension agreement with Plaintiff's counsel, but Plaintiff's counsel was unwilling to agree unless Ringo responded to Plaintiff's discovery requests that same day. Ringo did not do so, and so no agreement was reached. Ringo then filed his answer three days later, on January 22.

Ringo protests that striking his answer (and entering a default judgment) would be a harsh sanction for a delay of only three days. Moreover, counsel for both sides had developed a pattern of agreeing to brief extensions, and thus Ringo states that the present motion to strike came "out of the blue." Finally, Ringo argues that Plaintiff cannot argue that it is in any way prejudiced by the brief delay.

District courts may allow late-filed answers when the tardiness is due to excusable neglect. "The factors to consider include the danger of prejudice, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant had acted in good faith." *Lewis v. School Dist. # 70,* 523 F.3d 730, 740 (7th Cir.2008). In the rare case, a district court would be within its discretion to strike a three-day-late answer if the tardiness reflected a significant pattern of lateness or a cavalier attitude towards the rules. But here, I am not satisfied that such is the case, and I do not find any evidence that Ringo's late filing was "volitional," as Plaintiff argues. After Plaintiff's counsel did not agree to the brief extension Ringo sought, Ringo filed his answer a mere three days later. In seeking the agreement of opposing counsel, Ringo evidenced good faith rather than apathy or carelessness, and he is correct that there can be no showing of prejudice.

> Here, there is no reason to believe that Ms. Lewis was at all prejudiced by the defendants' answer being filed two days late. The length of the delay and the potential impact on judicial proceedings was minimal, and there is no reason to believe that the defendants acted in bad faith. Because the tardy filing was a result of excusable neglect, we conclude that the district court did not abuse its discretion when it denied Ms. Lewis' motion to strike the defendants' answer.

*Id.*

Because I conclude the lateness was due to excusable neglect, the motion to strike is **DENIED.**

**SO ORDERED.**