UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

TRACY L. WINK,
    Plaintiff,

v.

MILLER COMPRESSING COMPANY,
    Defendant.

Case No. 14-367

# Defendant's Proposed Findings of Facts in Opposition to Plaintiff's Motion for Summary Judgment

Defendant, Miller Compressing Company ("Miller") submits its Civil Local Rule 56(b)(2)(B)(ii) proposed findings of facts that require the denial of Plaintiff's summary judgment:

1. Peggy Malmstadt is the Regional Human Resources Manager at Alter Trading Company ("Alter"). She was hired by Miller Compressing Company ("Miller") in April, 2011, as their Senior Human Resources Generalist. (Malmstadt Affidavit, attached hereto at Exhibit 1, ¶ 3).

2. As the Senior Human Resources Generalist at Miller, Malmstadt's responsibilities included handling all benefits-related issues, including but not limited to administering short term disability and FMLA leaves, as well as health insurance, workers compensation and 401k issues. (Exhibit 1, ¶ 4).

3. Throughout her tenure at Miller, if an employee sought FMLA, their supervisor directed them to Malmstadt. She provided all the necessary paperwork, which resided on the HR department's computer drive, to which a supervisor did not have access. (Exhibit 1, ¶ 5).

4. Once an employee submitted the paperwork to me, Malmstadt made sure they were eligible and then provided the employee with the requisite certification to confirm eligibility from a health care provider. (Exhibit 1, ¶ 6).

5. Once she received the completed certification, Malmstadt provided the employee a form indicating they were approved for FMLA leave. (Exhibit 1, ¶ 7).

6. Malmstaddt would then notify the employee's supervisor that their employee was approved for FMLA; if the leave was intermittent, she would explain the parameters of the leave to the supervisor (i.e. doctor's appointments, early departures, etc.). (Exhibit 1, ¶ 8).

7. Supervisors at Miller did not have the authority to grant an employee FMLA leave, nor did they have access to the FMLA forms. (Exhibit 1, ¶ 9).

8. Malmstadt recalls speaking with Matt Chavez about Plaintiff Tracy Wink's ("Wink") July, 2011, FMLA intermittent leave and the way in which to track the time she was gone for doctor's appointments and therapy sessions. (Exhibit 1, ¶ 10).

9. Matt Chavez did not consult with Malmstadt when making the decision to grant Wink her flexible schedule of two days at home in February, 2012. (Exhibit 1, ¶ 11).

10. Malmstadt was informed after Matt Chavez approved her new schedule that Wink was going to be working two days a week from home. (Exhibit 1, ¶ 12).

11. While at Miller, Malmstadt typically requested recertifications for FMLA leave every 30 days, 60 days or yearly, depending on the reason for the leave. (Exhibit 1, ¶ 13).

12. The July, 2012, recertification to Wink related to her July, 2011 FMLA application. (Exhibit 1, ¶ 14).

2

Miller Compressing Company


By: _/s/ *Susan Lorenc*_
    One of their Attorneys

Susan Lorenc (WI 1041837)
Thompson Coburn LLP
55 E. Monroe, 37th Floor
Chicago, Illinois 60603
Telephone: (312) 346-7500
Fax: (312) 782-6894

Attorney for Defendant

3