UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**TRACY L. WINK,**

    Plaintiff,

  v.                                                            Case No. 14-CV-367

**MILLER COMPRESSING COMPANY,**

    Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO STAY

On August 21, 2015, judgment was entered in this case in favor of the plaintiff, Tracy L. Wink, and against the defendant, Miller Compressing Company, in the amount of $63,600.00, following a jury trial on Wink's claims. (Docket # 78.) On September 4, 2015, Wink filed a motion to amend the judgment for inclusion of an award for Wink's liquidated damages, compensation in lieu of reinstatement, attorney fees, costs, and interest. (Docket # 79.) Miller subsequently filed a renewed motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) (Docket # 87) and also moved to stay Wink's motion to amend the judgment pending resolution of its motion for judgment as a matter of law (Docket # 89). Miller argues that judicial economy supports a stay of the motion and that the stay would not prevent Wink from enforcing the judgment should Miller's motion for judgment as a matter of law be denied. (Docket # 90 at 2.) Wink argues that I should not stay amendment and execution of the judgment, or alternatively, that Miller should be required to post a bond to secure its payment of the judgment. (Docket # 93.)

Under Fed. R. Civ. P. 62(b), courts have the discretion to stay the execution of a judgment pending disposition of certain post-trial motions, including motions for judgment as a matter of law under Rule 50. Under this rule, courts may stay execution of judgment "[o]n appropriate terms for the opposing party's security." Fed. R. Civ. P. 62(b). "One of the conditions the court may impose is the requirement that the party requesting the stay post a bond to secure its payment of the judgment under challenge." *Wisconsin Alumni Research Found. v. Xenon Pharm., Inc.*, No. 05-C-242-C, 2006 WL 2034577, at *1 (W.D. Wis. July 18, 2006). I agree that judicial economy supports a stay of briefing on Wink's motion to amend judgment pending resolution of Miller's motion for judgment as a matter of law. Further, because I find that Miller has demonstrated that it has sufficient assets to pay the judgment—even as Wink proposes to amend it—(Affidavit of Tim Oliver, Docket # 94-1), I will not require Miller to post a bond as a condition of the stay, *see Wisconsin Alumni Research Found.*, 2006 WL 2034577 at *1.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Miller's motion to stay Wink's motion to amend judgment (Docket # 89) is **GRANTED**.

Dated at Milwaukee, Wisconsin this 26th day of October, 2015.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge