UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TRACY L. WINK,

    Plaintiff,

v.                                               Case No. 14-CV-367

MILLER COMPRESSING COMPANY,

    Defendant.

---

### ORDER GRANTING DEFENDANT'S MOTION TO STAY ENFORCEMENT OF JUDGMENT WITHOUT SUPERSEDEAS BOND

---

On May 3, 2016, I granted in part and denied in part Tracy L. Wink's motion to amend the judgment in this case. (Docket # 117.) An amended judgment in the amount of $173,497.76 was entered the same day. (Docket # 118.) On June 2, 2016, Miller Compressing Company timely filed its amended notice of appeal. (Docket # 123.) Miller now moves for an order staying enforcement of the amended judgment pending disposition of its appeal without requiring Miller to post a bond as a condition of the stay. (Docket # 132.) Wink opposes Miller's motion and asks that Miller be required to post a supersedeas bond in the amount of the judgment plus 15 percent to cover interest and such damages for delay as may be awarded plus $500 to cover costs in order to obtain the stay on execution of judgment pending appeal. (Docket # 134.)

Fed. R. Civ. P. 62(d) allows an appellant to obtain an automatic stay of execution of judgment pending appeal by posting a bond. In the alternative, the appellant may move that the district court employ its discretion to waive the bond requirement. *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988). When determining whether to waive the posting

of bond, the district court may look to several criteria: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether "the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money"; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. *Id.* at 904-05 (internal citations omitted).

In support of its motion, Miller provided two affidavits of Tim Oliver, Chief Financial Officer at Alter Trading Corporation, the parent company of Miller. (July 13, 2016 Affidavit of Tim Oliver ("July Oliver Aff."), Docket # 133-1; Aug. 16, 2016 Affidavit of Tim Oliver ("Aug. Oliver Aff."), Docket # 135-1.) Oliver avers that as the CFO of Alter, he has direct knowledge of Alter's financials. (Aug. Oliver Aff. ¶ 5.) Oliver states that as of December 31, 2015, Alter generated revenue in excess of $1 billion and owned assets of approximately $360 million. (July Oliver Aff. ¶¶ 9-10.) Oliver further avers that Alter currently has over $100 million of liquidity immediately available to pay any judgment and is currently on pace to generate a significant operating profit in 2016. (Aug. Oliver Aff. ¶¶ 6-7.)

The "reason for an appeal bond is to give the plaintiff security while execution is postponed." *N. Indiana Pub. Serv. Co. v. Carbon Cty. Coal Co.*, 799 F.2d 265, 281 (7th Cir. 1986). Miller has shown that it has liquid assets immediately available well in excess of the amended judgment and accrued interest of $237,097.76, which Miller states is now the total judgment against it. (Docket # 132 at 2.) Accordingly, Miller's ability to pay the judgment is so plain that the cost of a bond would be a waste of money. Further, this is not a situation as

2

in *Lightfoot v. Walker*, 797 F.2d 505, 506 (7th Cir. 1986) where the plaintiffs had a judgment against the State of Illinois and the procedure for collecting a judgment against the state was cumbersome, time-consuming, and uncertain. Miller is a private company; thus Wink will not face similar hurdles in collecting a judgment against it. Thus, I will grant Miller's motion to stay enforcement of the judgment without requiring Miller to post a supersedeas bond.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Miller's motion to stay enforcement of judgment without supersedeas bond (Docket # 132) is **GRANTED**.

Dated at Milwaukee, Wisconsin this 18th day of August, 2016.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

3